UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDALL T. YOUNG, *Pro Se*, ) | Case No.: 3:18 CV 2933 |
| ) | |
| Petitioner ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| LYNEAL WAINWRIGHT, Warden, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *pro se* Petitioner Randall T. Young's ("Petitioner" or "Young") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge David A. Ruiz ("Magistrate Judge" or "Judge Ruiz") for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Ruiz's R & R that the Petition be denied in its entirety.

The Petition challenges Young's state court sentences on several grounds. (Pet., ECF No. 1.) As relevant here, Young was charged in connection with a robbery and theft. After a bench trial, he was convicted on the following ten counts: (1) one count of aggravated robbery, (2) one count of theft, (3) two counts of safecracking, (4) two counts of felonious assault; (5) one count of having weapons while under disability; (6) one count of vandalism; (7) one count of attempted theft; (8) and one count of possession of criminal tools. (Writ at PageID #49, ECF No. 13.) Young was charged as a repeat violet offender ("RVO") as to counts 1, 4, and 5. The state court sentenced Young to serve an aggregate sentence of thirty-six (36) years. (*Id.*)

On January 14, 2016, Young, through counsel, appealed the December 15, 2015, Judgment to the Sixth District Court of Appeals, Erie County, Ohio, arguing that: (1) he received ineffective assistance of counsel in violation of the 14th Amendment; and (2) the trial court committed prejudicial error in permitting the jury to determine the existence and nature of his prior conviction of an offense of violence in violation of O.R.C. § 2491.149. (R & R at PageID #1701, ECF No. 24.) The state appellate court rejected Young's first ground for relief, but found his second ground for relief well-taken and remanded the case for sentencing, limited to the RVO specification. (*Id.*) Young, *pro se*, filed an application for reconsideration of the state appellate court's June 23, 2017 judgment, arguing that the state appellate court committed error when it concluded that the submission of the RVO specification to the jury, although in error, was harmless. (*Id.* at PageID #1702.) The state appellate court denied the application for reconsideration, concluding that it was untimely filed and that Young did not provide substantive grounds for relief. (*Id.*) Subsequently, Young filed an appeal to the Ohio Supreme Court, alleging the same counts of error. (*Id.*) The court rejected his appeal and declined to accept jurisdiction over the appeal. (*Id.* at PageID #1703.) Young pursued several additional appeals to no avail. (*Id.* at PageID #1703–11.)

On December 20, 2018, Young filed the instant Petition challenging the constitutionality of his conviction in *State of Ohio v. Young*, Erie County Court of Common Pleas Case No. 2015-CR-0013, asserting the following grounds for relief:

> GROUND ONE: Ineffective assistance of trial counsel in violation of the Petitioner's 5th, 6th and 14th Amendment rights.
>
> GROUND TWO: Ineffective assistance of appellate counsel in violation of the 5th and 4th Amendments.
>
> GROUND THREE: Improper denial of new trial motion in violation of the 5th and 14th Amendments.

(*Id.* at PageID #1711.) On December 20, 2018, this case was assigned to Magistrate Judge David A.

-2-

Ruiz ("Magistrate Judge" or "Judge Ruiz"), pursuant to Local Rule 3.1. Respondent, Lyneal Wainwright, filed an Answer/Return of Writ (ECF No. 13) on May 24, 2019. Young filed his Reply/Traverse (ECF No. 20) on October 24, 2019, after the court granted his request for additional time to file his Traverse (ECF No. 19).

Judge Ruiz submitted his R & R on June 10, 2021, recommending that the court deny the Petition. (R & R at PageID #1697, ECF No. 24.) More specifically, Judge Ruiz determined that: (1) Young's first Ground for relief failed on the merits under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)(stating that to prove ineffective assistance of counsel, "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. . . [f]irst, the defendant must show that cousnel's performance was deficient . . . [s]econd, the defendant must show that the deficient performance prejudiced the defense."), and was procedurally defaulted; (2) Young's second Ground for relief failed on the merits under *Strickland*; and (3) Young's third Ground for relief was procedurally defaulted. (*See generally* R&R, ECF No. 24. )

Young filed an Objection (ECF No. 27) to the R &R on August 12, 2021. Although objections were due by June 24, 2021. Young does not offer any reason for his untimely response. Instead he reasserts the same arguments for why his Petition should be granted. Nevertheless, Young's arguments are unavailing. The Objection reiterates Young's position that he received both ineffective trial and appellate counsel and that he should have been granted a new trial. (*See* Obj. at PageID #1746–48, ECF No. 27.) Young also disputes that his claims were procedurally defaulted, arguing that delays by USPS and in the prison mail system, along with not having access to an electric filing system, caused his delay in filing his appeals. (*Id.* at PageID #1749) (stating that, "[t]his prison has no electronic filing system which puts this petitioner at an extreme disadvantage when it comes to making timely filings . . . ."). However, Young's reiterated arguments do not shed any light on his

claims beyond what was argued to the Magistrate Judge. Accordingly, reviewing Young's claims, the court determines that his arguments fail for the reasons in Judge Ruiz's R & R.

After careful *de novo* review of the R & R, the parties' arguments, Young's Objection, and all relevant materials in the record, the court finds that Judge Ruiz's recommendation is fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts Judge Ruiz's R & R in its entirety and hereby dismisses the Petition. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

>*/s/ SOLOMON OLIVER, JR.*
> UNITED STATES DISTRICT JUDGE

March 31, 2022